UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RANDALL ARNOLD, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-180 |
| | § | |
| MINNESOTA LIFE INSURANCE | § | |
| COMPANY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On April 13, 2010 the Court held a hearing in the above-styled action to consider Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Original Complaint. (D.E. 39.)

The deadline for amendment of pleadings in this action was January 15, 2010. (D.E. 17.) Federal Rule of Civil Procedure 16(b)(4) governs amendment of pleadings after a scheduling order deadline has expired. S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003). It provides: "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Only on a showing of good cause will the more liberal standard of Rule 15(a) apply. 315 F.3d at 536.

The following four factors are relevant in evaluating a motion to amend after a scheduling order deadline has expired: "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" 315 F.3d at 536. In this case, counsel for Plaintiff has failed to provide a suitable explanation for his failure to timely amend. Counsel contends that he recently "became familiar" with LaRue v. DeWolff, Boberg & Associates, Inc.,

552 U.S. 248 (2008), which he contends provides a cause of action for breach of fiduciary duty. (D.E. 39 at 1.)

Plaintiff's counsel failed to provide the Court with an acceptable explanation for his failure to timely amend his complaint to include a breach of fiduciary duty cause of action. As an initial matter, failure to discover existing Supreme Court precedent is not a viable explanation for an untimely amendment. In addition, Plaintiff has previously represented to this Court and to Defendants that he would not bring a breach of fiduciary duty claim. Specifically, in his Motion to Remand, Plaintiff stated that he is not "seeking to assert a breach of a fiduciary duty against Defendant Minnesota Life" under ERISA, and stated that "[e]ven if Defendant Minnesota Life is a fiduciary, which is denied, nothing about Plaintiff's claim relates to any exercise of a fiduciary duty imposed by ERISA." (D.E. 8 at 10-11; Id. at 12 ("Minnesota Life is not a fiduciary, but even if it were, Plaintiff has not sued Minnesota Life for breach of any fiduciary duty imposed by ERISA or otherwise.").) In light of these statements, Plaintiff cannot now untimely amend his complaint to make a breach of fiduciary duty claim.

While the amendment may provide Plaintiff an additional cause of action, it would significantly prejudice Defendant, coming several months after the amended pleading deadline and after Defendant has already engaged in discovery and filed a motion for summary judgment. (D.E. 40.) In addition, the Court does not believe a continuance would cure the prejudice in this case.

For the reasons stated above, Plaintiff's Opposed Motion for Leave to File Plaintiff's Second Amended Original Complaint is DENIED. (D.E. 39.)

SIGNED and ORDERED this 14th day of April, 2010.

_____
Janis Graham Jack
United States District Judge